# UNITED STATES DISTRICT COURT
## District of Oregon

| | |
|---|---|
| UNITED STATES OF AMERICA | 2nd **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| v. | (For Offenses Committed On or After November 1, 1987) |
| MICHAEL ROSS, | Case Number: CR 06-134-RE |
| | John Ransom |
| | Defendant's Attorney |

**THE DEFENDANT:**

__X__ pleaded guilty to count __1 of the Indictment__ .

___ pleaded nolo contender to count(s) ___ which was accepted by the court.

___ was found guilty on count(s) ___ after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 1344 | Bank Fraud | | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___ The defendant has been found not guilty on count(s) ___, and is discharged as to such count(s).

__X__ Count(s) __all remaining__ (is)(are) dismissed on the motion of the United States.

__X__ Defendant shall pay a special assessment in the amount of $ __100__ for Count __1__ payable immediately to the Clerk, U.S. District Court.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence: __July 25, 2006__

_____
Signature of Judicial Officer
James A. Redden, Senior United States District Judge
Name & Title of Judicial Officer

Date: 8.17.06

AO 245B (Rev. 3/01) Judgment in a Criminal Case - USDC OR
Page 3
Case 3:06-cr-00134-HA    Document 25    Filed 08/17/2006    Page 2 of 6

Defendant: ROSS, Michael
Case Number: CR 06-134-RE

Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>fifteen (15) months, said sentence to be served concurrently with the undischarged term of imprisonment defendant is currently serving in Multnomah County Circuit Court case #05-08-34850</u> .*

__X__   The court makes the following recommendations to the Bureau of Prisons:

The defendant be designated to Sheridan, Oregon.
The defendant participate in DAP, wherever he is designated.

__X__   The defendant is remanded to the custody of the United States Marshal.

____    The defendant shall surrender on _____ as notified by the United States Marshal and/or Pretrial Services.

*       The Bureau of Prisons will determine the amount of prior custody that may be credited towards the service of sentence as authorized by Title 18 U.S.C. 3585(b) and the policies of the Bureau of Prisons.

## RETURN

I have executed this judgment as follows:

_____
_____
_____
_____
_____

Defendant delivered on: _____ to _____ at

_____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245B (Rev. 3/01) Judgment in a Criminal Case - USDC OR
Page 4
Case 3:06-cr-00134-HA   Document 25   Filed 08/17/2006   Page 3 of 6

Defendant: ROSS, Michael
Case Number: CR 06-134-RE

Page 3 of 6

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __five (5)__ years.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

    ___ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the Standard Conditions of Probation and Supervised Release that have been adopted by this court as set forth below. The defendant shall also comply with any additional Special Conditions of Supervision set forth below.

# SPECIAL CONDITIONS OF SUPERVISION

_X_     The defendant shall cooperate in the collection of DNA as directed by the probation officer, if required by law.

_X_     The defendant shall pay full restitution to the victim identified in the presentence report in the amount of $2,000, due and payable in full immediately. If there is any unpaid balance at the time of the defendant's release from custody, it shall be paid at the maximum installment possible and not less than $50 per month.

_X_     No fine is being ordered in this matter as the defendant's limited financial resources will be applied to his restitution obligation.

AO 245B (Rev. 3/01) Judgment in a Criminal Case - USDC OR
Page 5

Case 3:06-cr-00134-HA    Document 25    Filed 08/17/2006    Page 4 of 6

Defendant: ROSS, Michael
Case Number: CR 06-134-RE

Page 4 of 6

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

The Judges of the District of Oregon adopt the following standard conditions of probation and supervised release to apply in every case in which probation and/or supervised release is imposed upon a defendant. The individual judge may impose other conditions deemed advisable in individual cases of probation or supervised release supervision, as consistent with existing or future law.

1. The defendant shall report in person to the probation office for the district to which he or she is released within 72 hours of release from the custody of the Bureau of Prisons.

2. The defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. Revocation of probation or supervised release is mandatory for illegal possession of a controlled substance.

3. The defendant shall not possess a firearm, destructive, or dangerous device.

4. If the defendant illegally uses drugs or abuses alcohol, has a history of drug or alcohol abuse, or drug use or possession is determined to be an element of the defendant's criminal history or instant offense, the defendant shall participate in a substance abuse treatment program as directed by the probation officer which may include urinalysis testing to determine if the defendant has used drugs or alcohol. In addition to urinalysis testing that may be part of a formal drug treatment program, the defendant shall submit up to eight (8) urinalysis tests per month.

5. The defendant shall submit to a search of his/her person, residence, office or vehicle, when conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

6. The defendant shall not leave the judicial district without the permission of the court or probation officer.

7. The defendant shall report to the probation officer as directed by the court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.

8. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. The defendant may decline to answer inquiries if a truthful response would tend to incriminate him/ her. Such a refusal to answer may constitute grounds for revocation.

9. The defendant shall support his/ her dependents and meet other family responsibilities to the best of his or her financial ability.

10. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

11. The defendant shall notify the probation officer within 72 hours of any change in residence or employment.

12. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. If at any time, the probation officer has reasonable cause to believe the defendant is using illegal drugs or is abusing alcohol, the defendant shall submit to urinalysis testing, breathalyzer testing, or reasonable examination of the arms, neck, face, and lower legs.

13. The defendant shall not knowingly frequent places where controlled substances are illegally sold, used, distributed, or administered.

14. The defendant shall not knowingly associate with any persons engaged in criminal activity, and shall not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer.

15. The defendant shall permit a probation officer to visit him/her at any reasonable time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer.

16. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

17. The defendant shall not enter into any agreement to act as an informant or special agent of a law enforcement agency without the permission of the court.

18. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by his or her criminal record or personal history and characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such a notification requirement. This requirement will be exercised only when the probation officer believes a reasonably foreseeable risk exists or a law mandates such notice. Unless the probation officer believes the defendant presents an immediate threat to the safety of an identifiable individual, notice shall be delayed so the probation officer can arrange for a court hearing and the defendant can obtain legal counsel.

Defendant: ROSS, Michael
Case Number: CR 06-134-RE

Page 5 of 6

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| **Fine** | **Restitution** | **TOTAL** |
|---|---|---|
| $ | $ 2,000 | $ 2,000 |

___ The determination of restitution is deferred until ___ An Amended Judgment in a Criminal Case (AO 245c) will be entered after such determination.

___ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(I), all non-federal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | ***Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| Michael Kinsman<br>12502 NW Milazzo Lane<br>Portland, OR 97229 | | $ 2,000 | |
| **TOTALS** | $ ___ | $ 2,000 | |

___ If applicable, restitution amount ordered pursuant to plea agreement $ ___

___ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

___ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ___ The interest requirement is waived for the ___ fine and/or ___ restitution.
   ___ The interest requirement for the ___ fine and/or ___ restitution is modified as follows:

Any payment shall be divided proportionately among the payees named unless otherwise specified.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 3/01) Judgment in a Criminal Case - USDC OR Page 10
Case 3:06-cr-00134-HA   Document 25   Filed 08/17/2006   Page 6 of 6

Defendant: ROSS, Michael
Case Number: CR 06-134-RE

Page 6 of 6

# SCHEDULE OF PAYMENTS - Supervised Release

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A    ___    Lump sum payment of $ ___ due immediately, balance due

         ___    not later than ___, or
         ___    in accordance with C ___ or D ___ below; or

B    ___    Payment to begin immediately (may be combined with C ___ or D ___ below);

C    _X_    If there is any unpaid balance at the time of defendant's release from custody, it shall be paid in monthly installments of not less than $ _50_ over a period of ___ months to commence immediately upon release from imprisonment.

D    ___    Special instruction regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court at the address below, unless otherwise directed by the court, the probation officer, or the United States attorney.

                       **Clerk, US District Court**
                       **1000 S.W. Third Avenue**
                       **Suite 740**
                       **Portland, OR 97204-2902**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_X_    Joint and Several
         Defendant Name, Case Number, and Joint and Several Amount:

$2,000 restitution should be joint and several with the case involving Neta Mangum, CR 06-131-RE

___    The defendant shall pay the cost of prosecution.

___    The defendant shall pay the following court costs:

___    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.